[Cite as *State v. Allmon*, 2023-Ohio-3880.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,         :               No. 112512

    v.                                :

MALCOLM ALLMON,                         :

    Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 26, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-649767-B, CR-21-658278-B, CR-22-668696-A,
and CR-22-671798-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary Grace Tokmenko, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellant*.

MARY EILEEN KILBANE, P.J.:

{¶ 1} Defendant-appellant Malcolm Allmon ("Allmon") appeals his sentences after he pled guilty to multiple offenses in four different cases. He contends that his indefinite sentences, imposed under the Reagan Tokes Law,

violate his constitutional right to a trial by jury, the separation-of-powers doctrine, and due process. We affirm.[1]

{¶ 2} Under the Reagan Tokes Law, qualifying first- and second-degree felonies committed on or after March 22, 2019, are subject to the imposition of indefinite sentences. R.C. 2929.14(A), 2929.144. In the four cases, the trial court sentenced Allmon to an aggregate prison term of 9 to 10.5 years, as follows.

{¶ 3} In case number CR-20-649767-B, Allmon pled guilty to one count of aggravated burglary in violation of R.C. 2911.11(A)(2), a Reagan Tokes qualifying first-degree felony; one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a Reagan Tokes qualifying first-degree felony; and one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a Reagan Tokes qualifying first-degree felony. The trial court set forth a three-year prison term on each count, then, pursuant to the Reagan Tokes Law, sentenced Allmon to "a minimum prison term of 3 year(s) and a maximum prison term of 4.5 year(s) on the underlying offense(s)." The court indicated that the sentences would run concurrent to each other.

---

[1] In appeal No. 112357, the state appealed Allmon's sentence in CR-20-649767 only, contending that the manner in which the trial court journalized Allmon's indefinite sentence was not in accordance with R.C. 2929.14 and 2929.144. We held that because the sentencing journal entry imposed an indefinite prison sentence on all counts collectively, rather than imposing a minimum and maximum prison term on each count individually as required by R.C. 2929.14(A)(1)(a) and (A)(2)(a), Allmon's sentence was contrary to law. We affirmed but remanded the case to the trial court for the issuance of a nunc pro tunc judgment entry setting forth the minimum and maximum prison terms on each of the counts of which Allmon was convicted in that case. Our decision here does not affect that ruling.

{¶ 4} In case number CR-21-658278-B, Allmon pled guilty to three counts of aggravated burglary in violation of R.C. 2911.11(A)(2), a Reagan Tokes qualifying first-degree felony (one of which included a three-year firearm specification); one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony; one count of having weapons while under disability in violation of R.C. 2923.13(A)(1), a third-degree felony; one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony; two counts of receiving stolen property in violation of R.C. 2913.51(A), a fourth-degree felony; and one count of receiving stolen property - motor vehicle in violation of R.C. 2913.51(A), a fourth-degree felony. The trial court sentenced Allmon to three years on the firearm specification to be served prior to and consecutive to the sentences on the underlying offenses. On the first-degree felonies, the trial court set forth a three-year prison term on each of the underlying offenses, then, pursuant to the Reagan Tokes Law, sentenced Allmon to "a minimum prison term of 3 year(s) and a maximum prison term of 4.5 year(s) on the underlying offense(s)." The trial court imposed 36-month sentences on each of the third-degree felonies and 18-month sentences on each of the fourth-degree felonies. The trial court indicated that the sentences on the underlying offenses would run concurrent to each other.

{¶ 5} In case number CR-22-668696-A, Allmon pled guilty to one count of felonious assault in violation of R.C. 2903.11(A)(2), a Reagan Tokes qualifying second-degree felony, with a three-year firearm specification; one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree

felony; and two counts of criminal damaging in violation of R.C. 2909.06(A)(1), a first-degree misdemeanor. The trial court sentenced Allmon to three years on the firearm specification, to be served prior to and consecutive to the sentences on the underlying offenses. On the felonious assault count, the trial court set forth a "minimum" three-year prison term, then, pursuant to the Reagan Tokes Law, sentenced Allmon to "a minimum prison term of 3 year(s) and a maximum prison term of 4.5 year(s) on the underlying offense(s)." The trial court imposed a 36-month sentence on the having weapons while under disability count and a 180-day sentence on each of the criminal damaging counts. The trial court indicated that the sentences on the underlying offenses would run concurrent to each other.

{¶ 6} In case number CR-22-671798-A, Allmon pled guilty to one count of felonious assault in violation of R.C. 2903.11(A)(2), a Reagan Tokes qualifying second-degree felony; one count of discharge of a firearm on or near prohibited premises, in violation of R.C. 2923.162(A)(3), a third-degree felony; one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony; one count of domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor; and one count of endangering children in violation of R.C. 2919.22(A), a first-degree misdemeanor. On the felonious assault count, the trial court set forth a three-year prison term, then, pursuant to the Reagan Tokes Law, sentenced Allmon to "a minimum prison term of sentence of 3 year(s) and a maximum prison term of 4.5 year(s) on the underlying offense(s)." The trial court imposed a 36-month sentence on each of the third-degree felonies and a 180-day

sentence on each of the first-degree misdemeanors. The trial court indicated that the sentences would run concurrent to each other.

{¶ 7} The trial court indicated that the sentences on the three-year firearm specifications in CR-21-658278-B and CR-22-668696-A would be served prior to and consecutive to the sentences on the underlying offenses in all four cases and that the sentences on the underlying offenses in all four cases would be served concurrently to one another — resulting in a total, aggregate prison term of 9 to 10.5 years.

{¶ 8} Defense counsel objected to the trial court's imposition of indefinite sentences, arguing that the indefinite sentencing provisions of the Reagan Tokes Law were unconstitutional.

{¶ 9} We granted Allmon leave to file a delayed appeal. He raises the following assignment of error for review:

> The trial court erred when it found S.B. 201 to be constitutional and imposed an indefinite sentence pursuant to S.B. 201.

**Law and Analysis**

{¶ 10} Allmon contends that the trial court erred in sentencing him to indefinite sentences under the Reagan Tokes Law. Allmon contends that the Reagan Tokes Law violates his constitutional right to a trial by jury, the separation-of-powers doctrine, and due process.

{¶ 11} The arguments presented in this case do not present novel issues or any new theory challenging the constitutional validity of any aspect of the Reagan

Tokes Law left unaddressed by the Ohio Supreme Court's decision in *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535. Accordingly, pursuant to *Hacker*, we overrule Allmon's assignment of error.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR